UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSIE W. JONES,<br><br>                    Plaintiff,<br><br>v.<br><br>F. GARDINER,<br><br>                    Defendant. | Case No.: 14cv2477-MMA-MDD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION TO AMEND PRETRIAL SCHEDULING ORDER**<br><br>**[ECF No. 42]** |

## I. <u>INTRODUCTION</u>

Jessie W. Jones ("Plaintiff"), a state prisoner proceeding through counsel, and F. Gardish Gardiner ("Defendant") jointly filed a motion to amend the pretrial scheduling order. (ECF No. 42). Plaintiff requests the Court reopen discovery for the limited purpose of Plaintiff taking the depositions of Defendant and fact witness, Lt. Coyne. (*Id*. at 2). Defendant opposes Plaintiff's request and instead moves the Court to mutually reopen expert discovery. (*Id*. at 7).

## II. <u>PROCEDURAL BACKGROUND</u>

On April 8, 2015, this Court issued a scheduling order regulating

discovery and other pre-trial proceedings. (ECF No. 8). Pursuant to the scheduling order, initial expert disclosures were due on August 7, 2015, and rebuttal disclosures were due on September 11, 2015. (*Id.* at 1). Discovery closed on October 9, 2015. (*Id.* at 2). Neither party disclosed experts, but Defendant did take Plaintiff's deposition. (ECF No. 42 at 4; s*ee* ECF No. 10).

On November 13, 2015, Defendant filed a motion for summary judgment. (ECF No. 14). On April 14, 2016 District Judge Anello denied Defendant's motion for summary judgment. (ECF No. 27). Counsel were appointed to represent Plaintiff in November of 2016, more than a year after discovery closed. (ECF No. 34). On February 21, 2017, District Judge Anello issued a pretrial scheduling order, which set May 5, 2017 as the deadline for "[a]ny remaining discovery matters, including requests to re-open discovery." (ECF No. 40 at 1).

### III.  DISCUSSION

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Courts have permitted the reopening of discovery where a state prisoner proceeding *pro se* moved to reopen discovery following the appointment of counsel after the discovery cutoff date. *See*, *e.g.*, *Draper v. Rosario*, No. S-10-0032 KJM EFB, 2013 WL 6198945, at *2-3 (E.D. Cal. Nov. 27, 2013); *Woodard v. City of Menlo Park*, No. C 09-3331 SBA, 2012 WL 2119278, at *1-2 (N.D. Cal. June 11, 2012); *Henderson v. Peterson*, No. C 07-2838 SBA PR, 2011 WL 441206, at *1-2 (N.D. Cal. Feb. 3, 2011).

Plaintiff argues he has good cause to re-open discovery for the limited purpose of taking two depositions because he "was unable to depose

2

Defendant and Lt. Coyne before discovery closed, due to his pro se and inmate status." (ECF No. 42 at 3). Defendant contends that "Plaintiff had ample opportunity to conduct depositions by written questions pursuant to FRCP 31 . . . . [and] could have propounded interrogatories to Defendant." (*Id.* at 6). Defendant further opposes Plaintiff's request on the grounds that both Defendant and Lt. Coyne "provided declarations in support of Defendant's motion for summary judgment . . . . [and Plaintiff] had an opportunity to request further discovery before he filed his opposition to the motion. . . ." (*Id.*). Defendant asserts that he "will be prejudiced if Plaintiff *alone* is provided additional time to conduct discovery" and argues that the Court should permit a "mutual reopening of discovery to allow Defendant to identify expert witnesses" to assist the jury on causation and damages issues. (*Id.* at 7). Plaintiff notes that Defendant's counsel's deliberate choice not to engage in expert discovery does not justify reopening discovery. (*Id.* at 5).

The Court finds good cause to permit Plaintiff to conduct depositions of Defendant and Lt. Coyne. This additional fact discovery will assist in resolving the matter on the merits and will not prejudice Defendant. The Court does not find Defendant diligently pursued expert discovery. As previously indicated, initial expert disclosures were due August 7, 2015 and rebuttals were due September 11, 2015. Neither Plaintiff nor Defendant disclosed experts by that deadline. Defendant's failure to pursue expert discovery as a litigation strategy does not constitute good cause to reopen expert discovery.

## IV. CONCLUSION

Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** the parties' joint motion to amend the pretrial scheduling order as follows:

1. Plaintiff's request to reopen discovery for the limited purpose of

conducting two depositions is **GRANTED. IT IS HEREBY ORDERED** that the discovery deadline is extended to **June 19, 2017** for the limited purpose of permitting Plaintiff to depose Defendant and Lt. Coyne.

2. Defendant's request to reopen expert discovery is **DENIED**.

All other dates, deadlines and requirements set forth in the April 8, 2015 scheduling order [ECF No. 8] and the February 21, 2017 pretrial scheduling order [ECF No. 40] remain as previously set.

**IT IS SO ORDERED.**

Dated: May 18, 2017

Hon. Mitchell D. Dembin
United States Magistrate Judge