**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| JESSIE W. JONES, | Case No.: 14cv2477-MMA (MDD) |
|---|---|
| Plaintiff, | |
| v. | **NOTICE AND ORDER PROVIDING TENTATIVE RULINGS RE: MOTIONS IN LIMINE** |
| F. GARDINER, | |
| Defendant. | |

On October 11, 2017 at 3:00 p.m., the parties in this prisoner civil rights action will appear before the Court for a final pretrial conference and hearing on the parties' pending motions *in limine*. *See* Doc. Nos. 49, 50. In anticipation of the hearing, the Court issues the following tentative rulings on the motions:

### PLAINTIFF'S MOTIONS

1. The Court tentatively **GRANTS in part** and **DENIES in part** Plaintiff's motion to exclude evidence of his 2014 felony conviction. The Court tentatively finds that Plaintiff's conviction is not relevant to the substantive issues at trial. However, evidence of a conviction for a crime punishable for more than one year is admissible, subject to Federal Rule of Evidence 403, to attack a witness's character for truthfulness. *See* Fed. R. Evid. 609(a)(1)(A). Therefore, the Court tentatively finds that Defendant should be allowed to impeach Plaintiff's testimony with the fact of his 2014 felony

conviction.

2. The Court tentatively **GRANTS** Plaintiff's motion to exclude evidence of his prison disciplinary history. The Court tentatively finds that evidence regarding any rules violations or other prison disciplinary incidents involving Plaintiff is not admissible under Federal Rule of Evidence 404(b), because it is classic "other acts" evidence.

3. The Court tentatively **GRANTS** Plaintiff's motion for an order permitting him to appear in civilian clothing and be unrestrained during trial.[1] The Court tentatively finds that Defendant has not demonstrated "compelling circumstances" exist to justify Plaintiff being restrained during trial.

4. The Court tentatively **GRANTS** Plaintiff's motion and will exclude all non-party fact witnesses from the courtroom prior to testifying pursuant to Federal Rule of Evidence 615.

### DEFENDANT'S MOTIONS

1. The Court tentatively **GRANTS** Defendant's motion to exclude any expert testimony proffered by Plaintiff at trial regarding: (1) expert medical opinion regarding causation that was not formed at the time of treatment; (2) Plaintiff's alleged need for future medical care or treatment; (3) past or future medical special damages; and (4) hearsay testimony regarding Plaintiff's prognosis. The Court tentatively finds that Plaintiff and/or Plaintiff's treating physician may testify as to any percipient observations regarding Plaintiff's medical needs or condition, but may not testify as to any medical matter which requires scientific, technical, or other specialized knowledge.

2. The Court tentatively **GRANTS in part** and **DENIES in part** Defendant's motion to admit evidence of Plaintiff's prior felony convictions. The Court tentatively finds that it would not be overly prejudicial for Defendant to impeach Plaintiff with the fact of his 2014 conviction. However, the Court tentatively finds that evidence of

---

[1] While the Court may permit Plaintiff to appear in civilian clothing, the Court does not have the authority to order his state custodians to place Plaintiff in any clothing other than his state-issued uniform.

Plaintiff's 1993 and 1996 convictions should be excluded as more prejudicial than probative. *See* Fed. R. Evid. 403.

3. The Court tentatively **DENIES** Defendant's motion to exclude any testimony or argument that Plaintiff's alleged nerve injury will cause him future lost income because of the alleged limited use of his left hand, or that Plaintiff will incur costs for future medical care. Generally speaking, a plaintiff should be permitted to introduce evidence regarding damages, including the need for future medical care, as the evidence is relevant and probative of injury. Although it is unclear what evidence Plaintiff will offer regarding lost future income or future medical care, the Court tentatively finds it inappropriate to categorically exclude such evidence.

4. The Court tentatively **GRANTS** Defendant's motion to exclude any evidence of his involvement in past litigation or uses of force. The Court tentatively finds that prior inmate complaints against Defendant, or uses of force by Defendant, are not sufficiently probative of the issues in this case, particularly when balanced against the risk of causing juror confusion or prejudice. *See* Fed. R. Evid. 403. However, if Defendant testifies regarding his handcuffing habits, or for some reason testifies regarding his prior uses of force against inmates, then Plaintiff may cross-examine him regarding those issues.

As these rulings are tentative, the Court looks forward to the oral arguments of counsel.

**IT IS SO ORDERED**.

DATE: October 10, 2017

HON. MICHAEL M. ANELLO
United States District Judge