**PILLSBURY WINTHROP SHAW PITTMAN LLP**
CALLIE A. BJURSTROM (SBN 137816)
 CALLIE.BJURSTROM@PILLSBURYLAW.COM
NATHANIEL R. SMITH (SBN 257615)
 NATHANIEL.SMITH@PILLSBURYLAW.COM
MATTHEW R. STEPHENS (SBN 288223)
 MATTHEW.STEPHENS@PILLSBURYLAW.COM
501 West Broadway, Suite 1100
San Diego, CA 92101-3575
Telephone:  619.234.5000
Facsimile:   619.236.1995

Attorneys for Plaintiff
JESSIE W. JONES

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JESSIE W. JONES<br><br>     Plaintiff,<br><br>     v.<br><br>F. GARDINER<br><br>     Defendant. | Case No. 3:14-cv-02477-MMA-MDD<br><br>**FINAL PRETRIAL ORDER** |

Following pretrial proceedings pursuant to Federal Rules of Civil Procedure, Rule 16, and Civil Local Rule 16.1.f.6,

IT IS SO ORDERED THAT:

## I. STATEMENT TO BE READ TO JURY

Plaintiff, Jessie Jones, has filed suit against Defendant, San Diego County Sheriff's Detective Francis Gardiner alleging two claims for relief: excessive force and negligence.

On November 29, 2013, Mr. Jones was incarcerated in the George Bailey Correctional Facility. Detective Gardiner was working as a Sheriff's deputy and assisting in a laundry exchange in the module where Mr. Jones was housed. During the laundry exchange, Mr. Jones was removed from the module in handcuffs and transported to a holding cell.

Mr. Jones contends that Detective Gardiner handcuffed him too tightly for lengthy a period of time. Detective Gardiner contends that he confirmed the handcuffs were not applied too tightly and that security and safety concerns necessitated leaving Mr. Jones in handcuffs when he was placed in the holding cell. After placing Mr. Jones in the holding cell, Detective Gardiner made a radio call to notify deputies assigned to the holding cells that Mr. Jones was placed in the holding cell. Detective Gardiner then returned to the module where Mr. Jones was housed to continue assisting with the laundry exchange.

Mr. Jones remained handcuffed in the holding cell for one hour and forty minutes. The handcuffs were removed by deputies assigned to the holding cell.

Mr. Jones contends that Detective Gardiner's actions caused injuries to both of his wrists, including lasting damage to his left wrist and hand. Detective Gardiner denies that he caused Mr. Jones' claimed injuries as well the extent of Mr. Jones' claimed injuries.

## II. LIST OF CAUSES OF ACTION TO BE TRIED

All asserted causes of action are to be tried to the jury:

**A.     First Claim for Relief - Excessive Force under 42 U.S.C. § 1983**

1. **Plaintiff's Proposed Elements of Claim for Excessive Force**

In order to prove Deputy Gardiner deprived Mr. Jones of his Fourteenth Amendment right to be free from the use of excessive force that amounts to punishment, the plaintiff must prove by a preponderance of the evidence that:

a. the defendant acted under color of law; and

b. the acts of the defendant deprived plaintiff of his particular rights under the United States Constitution.

c. the defendant used unreasonable force against the plaintiff.[1]

2. **Defendant's Proposed Elements of Claim for Excessive Force:**

In order for Mr. Jones to prove an excessive force claim under the Fourteenth Amendment against Detective Gardiner, Mr. Jones must prove:

a. That Detective Gardiner purposely or knowingly used against Mr. Jones force that was objectively unreasonable under the circumstances. The reasonableness of the force used is viewed from the perspective and with the knowledge of Detective Gardiner and not with the 20/20 vision of hindsight.

b. In determining whether the force used was objectively reasonable under the circumstances, Detective Gardiner's perspectives and knowledge of the circumstances are taken into account, including:

- the relationship between the need for the use of force and the amount of force used;
- the extent of Mr. Jones' injury;

---

[1] *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015); NINTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS (CIVIL) Nos. 9.2, 9.29.

- any effort made by Detective Gardiner to temper or to limit the amount of force;
- the severity of the security problem at issue;
- the threat reasonably perceived by Detective Gardiner ;
- whether Mr. Jones was actively resisting;
- security concerns presented by Mr. Jones' failure to obey an order issued by deputies;
- security concerns presented by Mr. Jones turning to face deputies absent instruction to do so; and
- security concerns presented by Mr. Jones directing threats at Detective Gardiner.

    c. In considering these factors, you must take account the legitimate interests in managing a jail, acknowledging as part of the objective reasonableness analysis that deference to policies and practices needed to maintain order and institutional security is appropriate.

**B.**     **Second Claim for Relief - Negligence**

1. **Plaintiff's Elements of Claim for Negligence**

Jones has the burden of proving each of the following elements by a preponderance of the evidence:

    a. the defendant had a duty to use due care;
    b. that he breached that duty; and
    c. that the breach was the proximate or legal cause of the resulting harm.[2]

2. **Defendant's Elements of Claim for Negligence**

In order to establish his negligence claim, Mr. Jones must prove that:

---

[2] *See* Judicial Council Of California Civil Jury Instruction 400.

a. Detective Gardiner owed Plaintiff a duty to use due care;

b. Detective Gardiner breached that duty to Plaintiff;

c. Plaintiff was harmed; and

d. Detective Gardiner's breach of his duty was the legal or proximate cause of Plaintiff's harm.

## III. WITNESSES

### A. List of Each Witness Counsel Actually Expects to Call at Trial

**Plaintiff's Witnesses**

1. <u>Jessie W. Jones</u>: Contact through Plaintiff's Counsel. Plaintiff – The facts and circumstances of the incident in which he was handcuffed and detained in a holding cell. His injuries suffered as a result and continuing effects this injury has on his daily life, including continued pain.

2. <u>Francis Gardiner</u>: Contact through the Office of County Counsel, 1600 Pacific Highway, Rm 355, San Diego, California, 92101. Defendant – Sheriff's Deputy – The facts and circumstances of his response to and observations of the incident in which Mr. Jones was handcuffed and detained in a holding cell. The Defendant is also expected to testify regarding his decision and recollection of handcuffing Mr. Jones and placing him in a holding cell.

**Defendants' Witnesses**

1. <u>Jessie Jones</u>: Plaintiff - regarding his claims.

2. <u>Detective Francis Gardiner</u>: Defendant - regarding Plaintiff's allegations and his defenses.

3. <u>Lt. Brian Coyne</u>: Retired Sheriff's Lieutenant – regarding what occurred on November 29, 2013 during the laundry exchange, as well as, procedures at George Bailey Correctional Facility at the time.

4. <u>Sgt. Carl Darnell</u>: Sheriff's Sergeant – regarding his investigation into Plaintiff's grievance of loss of orange drink on October 20, 2013, the incident on

November 29, 2013 and the resulting disciplinary hearing involving Plaintiff, Plaintiff's grievance re handcuffing at issue in this action, as well as, procedures at George Bailey Correctional Facility at the time.

5. <u>Sgt. Richard North</u>: retired Sheriff's Sergeant – regarding his interaction with Plaintiff on November 29, 2013, his investigation into Plaintiff's allegations of use of force, as well as, procedures at George Bailey Correctional Facility at the time.

6. <u>Deputy Juan Pascua</u>: Sheriff's Deputy – regarding his interaction with Plaintiff on November 29, 2013.

7. <u>Alfred Joshua, M.D.</u>: Medical Director – regarding Plaintiff's medical complaints while incarcerated in County jails, the treatment provided, Plaintiff's refusals of medical treatment, as well as his management of and investigation into Plaintiff's medical care at the jail.

**B. List of Additional Witnesses Counsel Do Not Expect to Call at this Time but Reserve the Right to Call at Trial.**

**Plaintiff's Witnesses**

Any witnesses needed for impeachment or rebuttal.

Any witnesses needed to authenticate documents.

**Defendants' Witnesses**

Impeachment witnesses.

Nancy Booth, R.N.: County nurse - regarding Plaintiff's medical complaints while incarcerated in County jails, the treatment provided, as well as her management of and investigation into Plaintiff's medical care at the jail.

**IV. EXHIBITS**

**A. List of All Exhibits Counsel Actually Expects to Offer at Trial.**

A list of all exhibits Jones expects to offer at trial is attached hereto as Attachment 1.

-5-

Defendant's exhibit list is attached hereto as Attachment 2.

### B. List of All Other Exhibits Counsel Do Not Expect to Offer at This Time but Reserve the Right to Offer if Necessary.

A list of all other exhibits Jones does not expect to offer at this time, but reserves the right to offer if necessary at trial, is attached hereto.

## V. STATEMENT OF ALL FACTS TO WHICH THE PARTIES STIPULATE

1. Plaintiff Jones was a pretrial detainee on November 29, 2013.

2. Defendant Detective Gardiner's shift was from 6 p.m. on November 29, 2013 through 6 a.m. on November 30, 2013.

3. Defendant Detective Gardiner handcuffed Jones at approximately 8:50 p.m. on November 29, 2013.

4. After applying handcuffs to Mr. Jones, Defendant Detective Gardiner escorted Mr. Jones from Housing Module 4B to Processing Holding Cell number 105.

5. The parties also stipulate that a timeline of the incident should be admitted as an exhibit and provided to the jury to assist them should they wish to review any of the video footage from November 29, 2013. A copy of that exhibit is attached hereto as Attachment 3.

## VI. LIST OF ALL DEPOSITION TRANSCRIPTS BY PAGE AND LINE, OR VIDEOTAPED DEPOSITIONS BY SECTION THAT WILL BE OFFERED AT TRIAL

None.

/ / /
/ / /
/ / /
/ / /
/ / /

## VII. TRIAL ESTIMATE

The time estimated for trial is three (3) days.

Dated: October 20, 2017

*Michael M. Anello*
Hon. Michael M. Anello
United States District Judge